UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MINERVA ROSARIO, YVETTE CONCEPCION,
BETTY CLAUS and ANDRES CRUZ

INDEX NO.:    13 CV 6785 (FB)
(SMG)

                          Plaintiffs,

AMENDED COMPLAINT

       -against-

PLAINTIFFS DEMAND TRIAL
BY JURY

THE CITY OF NEW YORK,
POLICE OFFICER JAMES MCCULLOUGH,SERGEANT
MICHAEL WEBBER, DETECTIVE VINCENT
BARESE, DETECTIVE MATTHEW ZITO,
DETECTIVE WALTER MARIN,DETECTIVE
ERIK HIRSCH, DETECTIVE JOSE HIGA,
DETECTIVE JEAN PAUL JACCARD,
DETECTIVE TIMOTHY ERWIG, AND
CAPTAIN GEGORY STEWART,

                    Defendants.
--------------------------------------------------------------X

      MINERVA ROSARIO, YVETTE CONCEPCION, BETTY CLAUS and ANDRES CRUZ,

(hereinafter "plaintiffs" unless otherwise specified), by their attorney, Harold C. Baker, Esq.,

complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**PRELIMINARY STATEMENT**

      1.     This is an action for monetary damages (compensatory and punitive) against THE

CITY OF NEW YORK, (hereinafter "City of New York"), and its employees, POLICE OFFICER

JAMES MCCULLOUGH, SERGEANT MICHAEL WEBBER, DETECTIVE VINCENT

BARESE, DETECTIVE MATTHEW ZITO, DETECTIVE WALTER MARIN,DETECTIVE

ERIK HIRSCH, DETECTIVE JOSE HIGA, DETECTIVE JEAN PAUL JACCARD,

and DETECTIVE TIMOTHY ERWIG and CAPTAIN GREGORY STEWART JOHN, hereinafter collectively referred to as "police officer defendants," who are police officers and employees of the New York City Police Department, (hereinafter "the NYPD"), and/or supervisors who participated in the arrest, detention and prosecution of plaintiffs, arising out of the false arrest, malicious prosecution, assault, battery, filing of false reports, and false imprisonment of plaintiffs and arising out of the defendants' failure to intervene and prevent the wrongful and false arrest of the plaintiffs.

2.      It is alleged that on October 18, 2012 the police officer defendants; employees of defendant The City of New York, individually and as supervisory employee(s) of the NYPD, and as agents, servants and/or employees of the city of New York, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, wrongful and false arrest, false imprisonment/detention, assault, battery, filing of false reports for acts of which plaintiffs were innocent and the failure to intervene and stop the wrongful and false detention and arrest of plaintiffs.

## THE PARTIES

3.      At all times hereinafter mentioned, all plaintiffs, with the exception of Andres Cruz, were and still are residents of the County of Kings, in the City and State of New York.  Plaintiffs Minerva Rosario, Yvette Concepcion, and Betty Claus reside at 456 Dekalb Avenue, Apartment 18B, Brooklyn, NY.   At all times hereinafter mentioned, plaintiff Andres Cruz was and still is a resident of 110 ½ West Market Street, Apt. B, Middleburgh PA 17842.  At all times relevant and material herein, defendant The City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4.      At all times relevant and material herein, the police officer defendants were employees of the New York City Police Department of the City of New York.

5.      At all times relevant and material herein, the police officer defendants were personnel of the NYPD and of defendant The City of New York.

## JURSIDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

8.      Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

9.      Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant The City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

10.      Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

11.      With regard to all plaintiffs, a Notice of Claim for unlawful entry into the home, false arrest and false imprisonment against the defendant New York City Police Department was

filed on November 16, 2012.  Plaintiffs never received notice of a hearing pursuant to GML 50-H.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

12.     Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

13.     At all times relevant and material herein, the defendant The City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

14.     The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

15.     The police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

16.     Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

17.     At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

18.     In addition, at all times relevant hereto, defendant The City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

19.     At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

20.     At all times mentioned herein, the defendants' acts constituted state action.

21.     On October 18, 2012, the police officer defendants, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiffs.

22.     On October 18, 2012 the police officer defendants, members of the NYPD, forcibly entered 456 Dekalb Avenue, #18B, Brooklyn, NY screamed and cursed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs with, among other things police dogs, pushed plaintiff Betty Claus by the face into a wall, refused to allow plaintiff Betty Claus to cover her upper torso, which was clothed at the time only in a bra, punched plaintiff Andres Cruz in the stomach, physically forced plaintiff Cruz at gunpoint to lie on his stomach on the floor of one of the rooms in the apartment, placed a finger in his mouth and pulled his neck back while simultaneously pulling one of his legs back towards his head, thereby causing substantial pain, bruising and soreness.  The defendants then  illegally searched plaintiffs, strip searched plaintiff Andres Cruz in the apartment's bathroom, handcuffed plaintiffs, interrogated plaintiffs, illegally ransacked  apartment #18B, wherein plaintiffs  Minerva Rosario, Yvette Concepcion, and Betty Claus resided, and where plaintiff Andres Cruz was visiting, and in so doing damaged personal

belongings of plaintiffs'.  At the time of the illegal forcible entry into 456 Dekalb Avenue, Apartment 18B by the police officer defendants, plaintiffs were not engaged in any criminal behavior. Following the illegal forced entry, seizure of plaintiffs and search of the apartment, the police officer defendants then forcibly transported plaintiffs Betty Claus and Andres Cruz to a police precinct where plaintiffs were held against their will in jail cells for hours.  Plaintiffs were then transported in handcuffs to Central Booking in downtown Brooklyn where they were held for additional hours against their will.  Plaintiff  Claus were held for approximately two days, and plaintiff Cruz was held for approximately 21 days.  Plaintiff Cruz was strip searched.  All of the charges against plaintiff Andres Cruz were dropped.

23.  Upon information and belief, and without proof that plaintiff Andres Cruz was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, defendant police officers, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated a charge against plaintiff Andres Cruz and set it forth in false and fabricated criminal complaint, falsely sworn to by one or more of the defendant police officers.

24.  The criminal complaint was false and fraudulent in alleging that plaintiff committed the offense of CRIMINAL POSSESSION OF MARIJUANA and in alleging the facts therein set forth alleged to constitute those charges.

25.  Based upon the false criminal complaint prepared, upon information and belief, by the police officer defendants, and signed by a police officer defendant, plaintiff Andres Cruz was arraigned on the above charge and related charges.

26.  All of the above actions were committed by the defendants against plaintiffs despite the fact that none of the plaintiffs had committed any crime and without just, reasonable, lawful

or proper cause to charge plaintiffs, or to seize, assault, detain, search, interrogate, assault and arrest, plaintiffs.

At no time herein did any plaintiff ever act in an unlawful or disorderly fashion.  At no time did plaintiffs act in any way, fashion or manner which justified the use of force in pointing firearms at plaintiffs, threatening plaintiffs with vicious dogs, forcing plaintiffs to the floor and holding plaintiffs at gunpoint and assaulting plaintiffs and thereafter handcuffing, arresting and jailing plaintiffs.

27.  Plaintiff Minerva Rosario suffered severe emotional and psychiatric trauma and humiliation as a result of the entry into; and search of, her home, her detention and as a result of being forcibly seized and detained in her home, having firearms pointed at her, police dogs directed towards her, threats of force being made against her and foul and abusive language being used against her and her family members by the police officer defendants.  She will be required to receive psychological support for her injuries.  This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Yvette Concepcion suffered severe emotional and psychiatric trauma and humiliation as a result of being forcibly seized and detained in her home, having firearms pointed at her, police dogs directed towards her, threats of force being made against her and foul and abusive language being used against her and her family members, and the ransacking of her home by the police officer defendants.  She will be required to receive psychological support for her injuries.  This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Betty Claus suffered severe emotional and psychiatric trauma and humiliation as a result of being forcibly seized and detained in her home, being pushed by the face into a wall,

having firearms pointed at her, police dogs directed towards her, threats of force being made against her and foul and abusive language being used against her and her family members, and from the officers refusing to allow her to get dressed and leaving her in her bra throughout the seizure and detention, and the ransacking of her home by the police officer defendants.  She will be required to receive psychological support for her injuries.  This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

Plaintiff Andres Cruz suffered severe emotional and psychiatric trauma, humiliation, substantial pain, bruising and soreness from being forcibly seized and detained in his family's home, having firearms pointed at him, police dogs directed towards him, threats of force being made against him, foul and abusive language being used against him and his family members, the ransacking of his family's home by the police officer defendants.  Additionally, plaintiff Andres Cruz suffered substantial pain, bruising, sore neck, sore stomach and chest, sore anus severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention and arrest.  He will be required to receive psychological support for his trauma.  This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

28.     Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly stopped, detained, searched and arrested plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz, in their home in violation of the fourth amendment of the Constitution, when, in fact, plaintiffs had committed no crime.

29.     Upon information and belief, the police officer defendants, and other officers, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and

effective investigative behaviors and procedures, stopped, detained, searched and arrested plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz when it was not right, just, lawful, proper, or necessary to do so.

30.     On October 18, 2012, employees of the NYPD, including the police officer defendants, and other officers, and their supervisors, acting in concert, maliciously and with intent to injure plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz, and without just cause or any right to do so, seized them, handcuffed them and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

31.     The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

32.     Defendants acted maliciously and intentionally.

33.     Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of the NYPD, and defendant City of New York, including the 79th precinct, Central Booking and others.

34.     At the time of their unlawful seizure, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus were lawfully in their home, or in the case of plaintiff Andres Cruz, in the home of his relatives, not violating any laws, nor committing any crime.

35.     The arrest charges against plaintiffs Minerva Rosario, and Yvette Concepcion, were disposed of, in their favor, as they were released before any criminal charges were filed against them in court.  Since then, no criminal charges have ever been filed against them based on the illegal seizure that occurred on October 18, 2012.

36.     Plaintiff Andres Cruz was forced to return to court on at least one occasion, appearing in public, and before the public, as a defendant,  accused of criminal acts, acts of which plaintiff was not guilty.

37.     The charges against plaintiff Andres Cruz was disposed of, in his favor, when the criminal complaint against him was dismissed with prejudice, on October 20, 2012 in part APAR4A/3A by Judge S. Michels, of the Kings County Criminal Court at 120 Schermerhorn Street, Brooklyn, New York.  Nonetheless, plaintiff Cruz was apparently not released however, until approximately 21 days after his arrest.

38.     As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

> Physical injury, embarrassment, humiliation, loss of liberty, emotional distress and mental anguish.

39.     The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

40.     Plaintiffs Rosario, Concepcion and Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth  and are incorporate them herein by reference hereinafter.

41.     Defendants, acting in concert and under the color of state law, have deprived plaintiffs Minerva Rosario, Yvette Concepcion,  and Andres Cruz of their civil, constitutional

and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

42.     As a result, plaintiffs Minerva Rosario, Yvette Concepcion, and Andres Cruz claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

43.     Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

44.     Upon approaching plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz, the police officer defendants, acting in concert and under color of law, used unjustified physical force in seizing, detaining, handcuffing and arresting plaintiffs the police officer defendants, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

45.     The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

46.     The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

47.     As a result of that assault, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz damages for the injuries set forth above.

## THIRD COUNT
## (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

48.     Plaintiffs Rosario, Concepcion and Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

49.     The defendants seized, detained, and arrested plaintiffs Rosario, Concepcion and Cruz and imprisoned plaintiff Andres Cruz, without warrant or probable cause, even though defendants knew or should have known that plaintiffs were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

50.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs claim damages for the injuries set forth above.

## FOURTH COUNT
## (COMMON LAW ASSAULT)

51.     Plaintiffs  Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52.     The defendants are liable for assault to plaintiffs.

53.     As a result of the assault, false arrest, imprisonment, and deprivation of liberty, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz claim damages for the injuries set forth above.

## FIFTH COUNT
## (COMMON LAW BATTERY)

54.     Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

12

55. The defendants are liable for battery to plaintiffs.

56. As a result, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

57. Plaintiffs Minerva Rosario, Yvette Concepcion, and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58. The defendants are liable for false arrest and false imprisonment to plaintiffs Rosario, Concepcion and Cruz .

59. As a result thereof, plaintiffs Minerva Rosario, Yvette Concepcion, and Andres Cruz claim damages for the injuries set forth above.

## SEVENTH COUNT
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

60. Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

62. The defendants are liable for intentional infliction of emotional distress to plaintiffs.

63. As a result thereof, plaintiffs claim damages for the injuries set forth above.

**EIGHTH COUNT**
**(NEGLIGENT INFLICTION OF**
**EMOTIONAL DISTRESS)**

64.     Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65.      The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

66.     The defendants are liable for negligent infliction of emotional distress to plaintiffs.

67.     As a result thereof, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz claim damages for the injuries set forth above.

**NINTH COUNT**
**(COMMON LAW NEGLIGENCE)**

68.     Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69.     The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

70.     Additionally, the defendants City of New York, and the named police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

71.     As a result thereof, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz claim damages for the injuries set forth above.

14

**TENTH COUNT**
**(FAILURE TO INTERVENE)**

72.     Plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

73.     The defendants are liable to plaintiffs for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, detention and arrest of plaintiffs.

74.     Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

75.     As a result thereof, plaintiffs Minerva Rosario, Yvette Concepcion, Betty Claus and Andres Cruz claim damages for the injuries set forth above.

**ELEVENTH COUNT**
**(MALICIOUS PROSECUTION AGAINST PLAINTIFF ANDRES CRUZ)**

76.     Plaintiff Andres Cruz repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

77.     The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused a false criminal accusatory instrument to be filed against plaintiff Andres Cruz.

78.     As a result of the malicious prosecution implemented by the individual defendants, plaintiff Andres Cruz claim damages for the injuries set forth above.

**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Million ($5,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
      July 29, 2014

                              Yours,

    HAROLD BAKER, ESQ. (hb2179  )

      By: _____
      Attorney for Plaintiffs Minerva Rosario,
      Yvette Concepcion, Betty Claus and
      Andres Cruz
      32 Court Street
       Suite 507
      Brooklyn, New York
      (718) 858-7927

16